John W. Villines (CA SBN 193672)
JV LAW
726 14th Street, Suite E
Modesto, CA  95354
*Mailing Address*:
P.O. Box 580049
Modesto, CA  95358-0002
Tel:  (209) 524-9903
Fax: (209) 524-6655
E-Mail:  john@jvlaw.net

Attorneys for Plaintiff(s)
ASHOK KUMAR & KANTA KUMAR

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| ASHOK KUMAR, an individual; and KANTA KUMAR, an individual<br><br>Plaintiff(s),<br><br>vs.<br><br>AURORA LOAN SERVICES, a Delaware limited liability company, HOMECOMINGS FINANCIAL NETWORK, a Delaware Corporation, CAL-WESTERN RECONVEYANCE, a California Corporation, and DOES 1 – 10;<br><br>Defendants. | **COMPLAINT FOR RECISSION, DAMAGES & JURY DEMAND** |

Plaintiff ASHOK KUMAR and KANTA KUMAR, husband and wife (hereafter referred to collectively as "Plaintiff"), hereby alleges as follows:

## I. INTRODUCTION

1.  Plaintiff brings this action against AURORA LOAN SERVICES, a Delaware limited liability company, CAL-WESTERN RECONVEYANCE, a California

-1-

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

Corporation, HOMECOMINGS FINANCIAL NETWORK, a Delaware

Corporation , and DOES 1 THROUGH 10 (collectively hereinafter "Defendants")

to:

    a.  Give effective Notice to Rescind and Cancel a Deed of Trust security

        instrument;

    b.  Enforce Rescission;

    c.  Reimburse all fees, charges, and costs paid in a consumer credit

        transaction pursuant to violations of the Truth in Lending Act,15 U.S.C.

        §§ 1601 *et seq*. ("TILA"), and its implementing regulations at 12 C.F.R.

        § 226 *et seq*. ("Regulation Z"); and

    d.  Obtain a reasonable attorney fee.

    e.  Obtain statutory damages, consequential damages and punitive damages;

2.  As home mortgage lenders, Defendants are required to clearly and

conspicuously disclose to consumers material information regarding any loans

sold, transferred or assigned pursuant to TILA.  TILA mandates disclosure of

essential facts any consumer would need to assess the affordability and

desirability of any given loan, as well as material information regarding a

borrower's right to cancel or rescind the loan.

3.  Despite their legal obligations, throughout the relevant time period, Defendants

failed to clearly and conspicuously disclose and/or actively concealed material

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-2-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

information regarding the loan at issue here to lure Plaintiff into purchasing a loan that would result in overextension of credit, loss of equity in his home, derogatory credit reporting, and foreclosure on Plaintiff's home.

4.  Rather than notify Plaintiff of true facts, Defendants provided Plaintiff with intentionally confusing and misleading information and failed to disclose in a clear and conspicuous manner material information about the loan, specifically information related to Plaintiff's rescission rights.

5.  The Defendants are proper parties to be sued for claims arising out of the transaction when Defendants are attempting to *enforce contractual obligations* and the Plaintiff is in an affirmative or defensive position asserting a rescission claim under TILA, Regulation Z, asserting a basis to rescind under Regulation Z – 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures*, when a foreclosure is underway.

6.  As a result of their unlawful conduct, Defendants have profited mightily at the expense of Plaintiff, who has lost equity in his home, suffered derogatory credit reports, and is in the process of losing his home through foreclosure.

## II. PARTIES

7.  Plaintiff is a *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h).  Plaintiff has rights as a citizen domiciled here in California, the owner of the *principal dwelling* commonly known as 4109 Tony Marie

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

Avenue, in the City of Modesto, County of Stanislaus, State of California (95356), APN 2005-0126050-00 (hereinafter the "Property") and at all times relevant and material hereto, resides on the Property as his home.

8. Defendant AURORA LOAN SERVICES, a Delaware limited liability company, registered as a corporation with the California Secretary of State, SOS Number C1066842, and is the purported Beneficiary under the subject Deed of Trust.

9. Defendant HOMECOMINGS FINANCIAL NETWORK, a Delaware Corporation, is the original beneficiary under the subject Deed of Trust.

10. Defendant CAL-WESTERN RECONVEYANCE, a California Corporation and is the designated substitute Trustee duly recorded in the San Joaquin County official records under the subject Deed of Trust.  This Defendant may claim a pecuniary interest, and is joined and needed for just adjudication.

11. Defendants DOES 1 – 10 are involved in the instant case and transactions and are currently unknown to Plaintiff, and are therefore sued by such fictitious names.  Plaintiff alleges, on information and belief, that said Defendants are securitized trusts, equity funds, collateralized debt obligations (CDO), CDO underwriters, CDO trustees, hedge funds or other entities that acted as additional lenders, loan originators, and/or assignees to the loan which is the subject of this action.  These DOES may include corporate parents, subsidiaries

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

or other related entities of Defendants who may also be liable to Plaintiff.  At all times mentioned herein, Defendants, and each of them, were engaged in the business of selling, servicing and/or owning, or are and were the assignees of, the loan that is the subject of this Complaint.  Plaintiff will seek leave of Court to replace the fictitious names of these entities with their true names when there are facts are known and supported by competent evidence.

12. At all times mentioned herein, Defendants, and each of them, were engaged in the business of distributing, selling, purchasing, owning and/or servicing the loan that is the subject of this Complaint.

13. Plaintiff is informed, believes, and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

14. At all times material hereto, each of the Defendants (both named and DOE defendants) sued herein were the co-conspirator, agent, servant, employer, joint venturer, partner, division, owner, parent, subsidiary, alias, assignee, successor in interest, and/or alter ego of the other remaining Defendants and were at all times acting within the purpose and scope of such conspiracy, agency,

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-5-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

servitude, joint venture, division, ownership, parent, subsidiary, assignment, successorship, alter-ego, partnership or employment and with the authority, permission, consent, approval, and ratification of the remaining Defendants.

15. At all times mentioned herein, each Defendant was acting in concert or participation with the other Defendants, or was a joint participant and collaborator in the acts complained herein.

16. Plaintiff is informed, believes, and thereon alleges, at all times mentioned herein, each Defendant is a corporation or other business entity, form unknown, and has done business and is currently doing business in this judicial district.

### III. Jurisdiction/Venue

17. This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1640(e) for TILA claims.  The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.  Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

18. This Court has personal jurisdiction over the parties in this action by the fact that Defendants are licensed to do business and actually conduct business in California.

19. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

subject of this suit, are situated here, communications notifying Plaintiff of a non-judicial foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants conduct significant business within the forum state of California and/or have purposely targeted California residents in the distribution, sale and/or transfer and servicing of residential loans, including the loan at issue here.

## IV. STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

20. This action arises out of residential mortgage loan transactions in which Defendants are required by federal law to clearly and conspicuously disclose certain information to consumers, in writing, regarding the terms of the loan and the right to rescission to protect the integrity of the home lending industry and shield consumers from predatory lending practices.

21. Throughout the relevant time period, Defendants have not met their legal obligations due to their failure to clearly and conspicuously disclose pertinent information regarding the loan sold to Plaintiff and by failing to inform Plaintiff of the time frame for Plaintiff's right to cancel the loan.

22. All conditions precedent have been performed or have occurred and TILA and Regulation Z violations may be asserted affirmatively and defensively due to the non-judicial foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1638 *et seq.*

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-7-

23. The federally related mortgage transaction at the root of this case was closed with documents signed on or about July 12, 2005 (hereinafter the "Closing").

24. Plaintiff's application for an extension of credit consolidated and refinanced a previous mortgage loan transaction covering the Property.  The Property was at the time of the Closing and still is the primary *principal dwelling* and home of the Plaintiff.

25. At the Closing, Plaintiff entered into a mortgage loan transaction (hereinafter the "Transaction") with the Beneficiary of the Deed of Trust and was provided with copies of various documents, including but not limited to:

a.  Promissory Note;

b.  Deed of Trust security instrument;

c.  Truth in Lending Disclosure Statement;

d.  HUD – 1 Final Settlement Statement;

26. The Transaction required Plaintiff to pay money arising out of a transaction in which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

27. The Transaction and all closing documents were described to Plaintiff and characterize a *Consumer Credit Transaction* as that term is defined under 15 U.S.C. § 1602(h) and 12 C.F.R. § 226.2(a).

28. The Transaction is a Closed-end Credit Transaction as that term is defined in 12

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-8-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

C.F.R. § 226.2(10) where a *security interest* was retained in favor of the Beneficiary of the Deed of Trust.

29. The Transaction is subject to all content requirements set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; 12 C.F.R. §§ 226.17 – 226.23.

30. The material documents specifically identified above in Paragraph 24, all failed in one or more material respects to disclose to the Plaintiff in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

31. Specifically, the HUD – 1 Settlement Statement identifies additional charges included in the "Amount Financed" that are actually "Finance Charges" as that term is defined under U.S.C. § 1605(a) and Regulation Z - 12 C.F.R. § 226.4(a), and contradicts the Truth in Lending Disclosure Statement.

32. Pursuant to Regulation Z - 12 C.F.R. § 226.23(h)(2), *Special rules for foreclosures, Tolerance for Disclosures*, when a foreclosure is underway, the threshold tolerance for Rescission is $35.00 for an understated "Finance Charge" disclosure.

33. The failure to accurately disclose these charges and settlement service fees in an amount more than $35.00 materially understates the "Finance Charges" on the Truth in Lending Disclosure Statement.

34. The failure to accurately and effectively disclose the Truth in Lending

JV Law
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

Disclosure Statement is a failure to accurately provide a *material* disclosure as that term is defined under 15 U.S.C. § 1602(u) and Regulation Z - 12 C.F.R. § 226.23(a)(3), n48. Plaintiff could not have discovered these failures through due diligence during the one year period for civil damages.

35. Plaintiff individually has a continuing right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiff may keep pursuant to 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(a) and (b)(v).

36. The three day right to rescind is statutorily extended up to three-years under 15 U.S.C. § 1635(f) due to accurately provide a *material* disclosure as that term is defined under TILA and Regulation Z.

37. Plaintiff has given effective written notice to rescind the Transaction to all Defendants, and has offered to surrender the Property or its equivalent in value, determined by application of all proceeds since origination, and disputes any alleged default due to rescission of the Transaction.

38. A controversy has arisen due to Defendants failure to provide accurate *material* disclosures so that Plaintiff may tender any balance and extinguish the Transaction by operation of law.

39. The foregoing acts and *material* omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-10-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

disregard of the Plaintiff's disclosure rights.

40. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Regulation Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence. Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages.

41. As a result of the acts specifically alleged above, Plaintiff has suffered injury an amount to be determined at time of trial. If Defendants had not violated TILA and instead properly disclosed the material terms of Defendants' loan product, as alleged herein, Plaintiff would not have entered into the loan.

## VI. Claims for Relief Against Defendants

### Count 1 – Rescission under TILA & Regulation Z

42. Plaintiff incorporates each paragraph set forth above as if fully stated herein.

43. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

44. As a result of Defendants' failure to provide proper *material* disclosures correctly as described above, Plaintiff is entitled and has exercised his right of rescission of the Transaction.

45. Rescission of the Transaction extinguishes any liability Plaintiff has to

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-11-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

Defendants' for finance or other charges arising from the Transaction.

46. Defendants have a fiduciary duty and obligation to perform upon notice of rescission by canceling this specific Transaction as well as any enforcement thereof. Accordingly, any alleged security instrument and Notice of Default and Election to Sell is void and unenforceable under 15 U.S.C. § 1635(b).

47. Defendants have twenty-days (20) to refund or credit the alleged account all monies paid and to void the security interest, or seek judicial guidance.

48. Defendants' performance is a condition precedent to Plaintiff's duty to tender and failure to lawfully respond gives rise to statutory and actual damages under 15 U.S.C. § 1640. Notwithstanding this condition precedent, Plaintiff is ready and willing to meet Plaintiff's tender obligations pursuant to Regulation Z – 12 C.F.R. § 226.23(d)(3) by tendering the money or property to the creditor, or where the latter would be impracticable or inequitable, tender its reasonable value.

49. Plaintiff's obligations to tender pursuant to TILA and Regulation Z are set forth in 12 C.F.R. § 226.23(d)(3), and TILA preempts all California laws and cases regarding tender in a rescission situation. Pursuant to 12 C.F.R. §§ 226.23(d)(2) and (d)(3), Plaintiff is obligated to tender the money or property to Defendants only after Defendants have returned any money or property and has taken any action necessary to reflect the termination of the security interest.

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-12-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

50. To date, Defendants have failed to honor Plaintiff's notice of rescission, have failed to return money paid by Plaintiff, and have taken no action to reflect the termination of the security interest. In fact, Defendants have instead intentionally proceeded with the nonjudicial foreclosure against the security interest, i.e., the Property.

51. Any further acts to enforce an invalid security instrument through foreclosure and impose finance charges and fees are wrongful, improper, and a serious violation of federal law. Such acts violate TILA, Regulation Z, and are contrary to the explicit statutory requirements and contract between the parties.

52. Defendants' failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Regulation Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence. Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages.

53. The aforementioned acts entitle Plaintiff to statutory and actual relief pursuant to 15 U.S.C. § 1640, rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and reasonable attorney fees and costs.

/////

/////

/////

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-13-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

## Count 2 – TILA & Regulation Z

54. The original payee of the note and beneficiary of all other documents at a purported closing with defendants acted in contravention of TILA and Regulation Z in the following particulars, each and all of which may also be asserted affirmatively and defensively by Plaintiff as a result.

55. The TILA Disclosure Statements, and all documents provided to Plaintiff in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following other respects:

      i. By failing to provide all required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b);

      ii. By failing to make required rescission disclosures 'clearly and conspicuously' in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a)(1);

      iii. By failing to include in the Finance Charge certain charges imposed by Defendants payable by Plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z - 12 C.F.R. § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z – 12 C.F.R. § 226.18(d);

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

iv.  By failing to provide the expiration date that the rescission rights terminate in violation of Regulation Z - 12 C.F.R. § 226.23(b)(5); and

v.  By failing to accurately disclose material disclosures in violation of 15 U.S.C. § 1632(u) and Regulation Z - 12 C.F.R. § 226.23(a)(3), n48.

56. As a result of the acts specifically alleged above, Plaintiff has suffered injury in an amount to be determined at time of trial.  If Defendants had not violated TILA and instead properly disclosed the material terms of Defendants' loan product, as alleged herein, Plaintiff would not have entered into the loan.

57. Defendants failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Regulation Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even through the use of due diligence.  Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages.

58. The aforementioned acts entitle Plaintiff to statutory and actual relief pursuant to 15 U.S.C. § 1640, rescission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, and reasonable attorney fees and costs.

/////

/////

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-15-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND

## Count 3 – California Vicel Code §4973

59. California Financial Code, section 4973(c) provides that a covered loan shall not contain a provision for negative amortization. Sub-section (f) provides that a loan shall not be origination when it reasonably appears that the consumer may be unable to make the schedule of payments under the loan. Lastly, sub-section (n) of the above cited Code section, prohibits any conduct by a loan originator, which would constitute fraud.

60. Defendant Aurora Loan violated each of the Code sections listed cited above, in that the Plaintiff was not properly qualified for the type of loan that he was sold, in that his income was inconsistent, though steady and insufficient to pay the combined monthly mortgage payments consistently. Defendants knew or should have known that the loan was in violation of California Law, yet they recommended, sold and ratified the terms of the loan in conscious disregard of the consequences to the Plaintiff.

## Count 4 -- CALIFORNIA CIVIL CODE §1770

1. Defendants AURORA Loan and HOMECOMINGS FINANCIAL NETWORK, by and through its employees and agents, induced Plaintiffs to put trust and confidence in them to act in their best interests. The Plaintiffs shared their confidential information with and relied on the advice of those agents. Such a close relationship of trust and confidence, created fiduciary or quasi-fiduciary

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-16-

duties which these agents and by extension, Defendants AURORA LOAN and HOMECOMINGS FINANCIAL NETWORK owed to the Plaintiffs to promote their best interest and not of Defendant INDYMAC.

2.  Defendants AURORA LOAN and HOMECOMINGS FINANCIAL NETWORK breached this duty when they deceived Plaintiffs into a loan which was not foreseeable that they could pay back.

3.  As a direct result and proximate consequence of the acts and omissions committed by Defendants AURORA LOAN and HOMECOMINGS FINANCIAL NETWORK with willful and oppressive intent, Plaintiffs suffered damages in an amount according to proof but not yet fully ascertained, including, without limitation, statutory damages, consequential damages and punitive damages.

## VII. Jury Trial Demand

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII. Prayer for Relief

WHEREFORE, as a result of the violations of TILA, Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), Plaintiff prays for judgment against Defendants as follows:

1.  Rescission of this Transaction;

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

-17-

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

2.  Termination of any security interest in Plaintiff's property created under the transaction;

3.  Return of any money or property given by the Plaintiff to anyone, including all Defendants, in connection with this transaction;

4.  Statutory damages of no less than $2,000 for the disclosure violations;

5.  Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiff's valid rescission notice;

6.  Forfeiture of return of loan proceeds if Defendants further fail to respond properly to Plaintiff's claims;

7.  Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a legal or non-judicial proceeding on the Plaintiff's Property, from recording any deeds, mortgages, or liens on or regarding the Property, except a lawful release of lien, and from otherwise taking any steps to deprive Plaintiff of his ownership of the Property;

8.  A Court Order that if Defendants fail to further respond lawfully to Plaintiff's valid rescission notice, Plaintiff has no duty to tender, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of Plaintiff's claims, and a further order for Defendants to accept tender on reasonable terms and over a reasonable period of time;

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel: 209.524.9903
Fax: 209.524.6655
www.jvlaw.net

**COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND**

9.  Actual damages in an amount to be determined at trial;

10. Reasonable attorney fee and costs of suit; and,

11. For such other and further relief as the Court may deem just and proper.

DATED:  June 29, 2009                    JV LAW

                                  By: /s/ John W. Villines/

                                      John W. Villines
                                      Attorney for Plaintiff (s)
                                      ASHOK KUMAR &
                                      KANTA KUMAR

**JV Law**
P.O. Box 580049
Modesto, CA 95358
Tel:  209.524.9903
Fax:  209.524.6655
www.jvlaw.net

-19-

COMPLAINT FOR RESCISSION, DAMAGES, & JURY DEMAND