IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

<pre>
ASHOK KUMAR, an individual; and     )
KANTA KUMAR, an individual,         )   2:09-cv-1806-GEB-GGH
                                    )
          Plaintiffs,               )
                                    )   ORDER IMPOSING SANCTIONS; OSC;
     v.                             )   SETTING STATUS CONFERENCE AND
                                    )   RULE 4(M) NOTICE
AURORA LOAN SERVICES, a Delaware    )
limited liability company,          )
HOMECOMINGS FINANCIAL NETWORK, a    )
Delaware Corporation, and           )
CAL-WESTERN RECONVEYANCE, a         )
California Corporation,             )
                                    )
          Defendants.               )
_____ )
</pre>

Plaintiffs and their counsel were issued an Order to Show Cause on October 2, 2009 ("October 2 OSC"), which required them to explain why sanctions should not be imposed for their failure to file a timely status report. Since no timely status report was filed, the status conference was rescheduled to November 2, 2009, and Plaintiffs and their counsel were required to file a status report no later than fourteen days prior to the November 2 status conference.

Plaintiffs and their lawyer failed to respond to the October 2 OSC, and have not filed a status report required by the October 2 OSC.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to

1

1  control its docket . . . and reward the indolent and the cavalier."
2  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.
3  1992) (internal citation and quotations omitted); see also Ayers v.
4  City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming
5  sanction of lawyer for failure to attend a settlement conference
6  because **"the date 'slipped by him'"**) (emphasis added).  "The cogs of
7  the wheel of justice move much more smoothly when attorneys who
8  practice in this court follow the rules of practice and procedure . .
9  . ."  Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d
10 1241, 1244 (9th Cir. 1998).
11          Since Plaintiffs' counsel failed to file a timely status
12 report, and did not respond to the October 2 OSC, Plaintiffs' attorney
13 John W. Villines and/or JV Law is sanctioned four hundred dollars
14 ($400.00) for failure to timely file a status report.  This sanction
15 shall be paid to the Clerk of this Court within ten (10) days from the
16 date on which this Order is filed by a check made payable to the
17 "United States Treasury."  Proof of payment shall be sent to the
18 undersigned judge's chambers within five (5) days of payment.  This
19 sanction is personal to counsel or his law firm and shall not be
20 transmitted to counsel's client.
21          Further, since Plaintiffs also failed to file a status
22 report on October 19, 2009, required by the October 2 OSC, Plaintiffs
23 and their lawyer are Ordered to Show Cause ("OSC") in a writing to be
24 filed no later than 4:00 p.m. on November 16, 2009, why sanctions
25 should not be imposed against them and/or their counsel under Rule
26 16(f) of the Federal Rules of Civil Procedure for failure to file a
27 timely status report.  The written response shall also state whether
28 Plaintiffs or their counsel is at fault, and whether a hearing is

2

requested on the OSC. If a hearing is requested, it will be held on November 30, 2009, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the June 30, 2009 Initial Scheduling Order, a status report shall be filed no later than fourteen days prior to the status conference.

Also, Plaintiffs shall show cause in a writing to be filed no later than 4:00 p.m. on November 16, 2009, why this action should not be dismissed because of her failure to comply with two orders requiring that a status report be filed.

**Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that any defendant not served with process on or before October 27, 2009, will be dismissed as a defendant in this action unless Plaintiff provides proof of service and/or "shows good cause for the failure" to serve within the 120 day period prescribed in that Rule in a filing due no later than 4:00 p.m. on October 27, 2009.**

Lastly, the Doe defendants are dismissed, since timely justification has not been filed warranting Doe defendant allegations remaining in this case.

IT IS SO ORDERED.

Dated: October 23, 2009

GARLAND E. BURRELL, JR.
United States District Judge